IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JANET JAMISON,<br><br>             Plaintiff,<br><br>v.<br><br>WEST VALLEY CITY; RICHARD CATTEN, City Attorney; CLAIRE GILLMOR, Assistant City Attorney; WEST VALLEY CITY HOUSING AUTHORITY; LAYNE MORRIS, Executive Director; and CHERYL SYNE, Public Housing Case Manager,<br><br>             Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:06-cv-01026-TC-PMW<br><br><br>District Judge Tena Campbell<br><br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B). Before the court are Janet Jamison's ("Plaintiff") motion to appoint counsel[1] and motion for service of process.[2] The court previously granted Plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915 (the "in forma pauperis statute").[3]

Whenever the court authorizes a party to proceed without the prepayment of fees under the in forma pauperis statute, the court is required to "dismiss the case at any time if the court

---

[1] Docket no. 4.

[2] Docket no. 5.

[3] Docket no. 2.

determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The United States Supreme Court has construed the meaning of "frivolous" within the context of the in forma pauperis statute, holding specifically that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The in forma pauperis statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327. Examples of baseless factual contentions are those that describe "fantastic or delusional scenarios." *Id*. at 328.

The court has determined that Plaintiff's complaint falls squarely within this class. In her complaint, Plaintiff alleges that nearly nineteen years ago "while working as a Systems Programmer for Allstate Insurance Company (located in Northbrook, Illinois), as part of a [c]ompany 'experiment' [she] was attached to, without [her] consent, what is now considered an 'integrated' communications system." This "communications system" purportedly allows individuals who are given access to it complete control over Plaintiff's thoughts, actions, behavior, and bodily functions. Plaintiff contends that a vast number of individuals have access to and control over her through this "communications system," including:

- late great[,] and distant relatives,
- individuals from [her] past and personal past,
- the friends, relatives[,] and personal associations of individuals from [her] past and personal past,
- individuals from environments [she] frequent[s], think[s] of frequenting[,] or is associated with in any capacity[,]

- and the friends, relatives[,] and personal associations of those individuals[.]

Plaintiff claims that the individuals given access to the "communications system" are allowed to harass her in "every environment" she encounters.  Plaintiff also claims that these individuals are allowed to participate in various types of "contaminations," which include, among other things, the contamination of her "foods, beverages, personal products, laundry detergent, bleach, dishwashing liquid[,] and any[thing] and everything else [she has] in [her] diet and existence" with "human 'waste' (feces and urine)," "animal waste," "male body fluids," "female ovarian eggs," "bacteria and infectious fluids," "phlegm," "chemicals," "human blood," and other items.

Based upon these factual allegations, Plaintiff's complaint asserts causes of action for invasion of privacy; harassment; and discrimination based upon race, disability, and income level.  However, Plaintiff essentially admits that she does not have evidence to support her claims when she asserts that she is unable to "obtain, while held on th[e] system, 'physical evidence' to prove the existence of th[e] system and the harassment and degradation that is occurring."

Because Plaintiff is proceeding pro se in this case, the court construes her complaint liberally.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  However, "[t]he broad reading of [Plaintiff's] complaint does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court has determined that Plaintiff has not met this burden.  The court has also determined that the factual allegations contained in Plaintiff's complaint "rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33

(1992), and describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 328. For these reasons, the court concludes that Plaintiff's complaint is frivolous and, therefore, that it should be dismissed pursuant to the in forma pauperis statute. *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 325-28; *Hall*, 935 F.2d at 1110.

The allegations contained in Plaintiff's complaint demonstrate that she may be suffering from some type of psychological delusions, and the court is sympathetic to Plaintiff's unfortunate circumstances. These circumstances, however, have no effect on the court's duty under the in forma pauperis statute to dismiss Plaintiff's complaint once the court has determined that it is frivolous.

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to the in forma pauperis statute.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation within ten days after receiving it. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 9th day of February, 2007.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge